# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN M. PUTNAM,           ) | |
|                     ) | |
|       Petitioner,       ) | |
|                     ) | Civil Action No. |
|     v.                  ) | 22-10038-FDS |
|                     ) | |
| NELSON ALVES,           ) | |
|                     ) | |
|       Respondent.      ) | |

## MEMORANDUM AND ORDER
## ON PETITION FOR HABEAS CORPUS

SAYLOR, C.J.

This is a petition for a writ of habeas corpus by a prisoner in state custody.  Petitioner Steven Putnam is an inmate at the Massachusetts Correctional Institution–Norfolk.  Respondent Nelson Alves is the current superintendent of that facility.

Putnam was convicted in Worcester County Superior Court of home invasion, armed assault in a dwelling, rape, and assault and battery.  The Massachusetts Appeals Court affirmed his convictions for home invasion and armed assault in a dwelling, and the Supreme Judicial Court then denied his application for leave to obtain further appellate review ("ALOFAR").

Now proceeding *pro se*, Putnam has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the Court construes as a petition brought pursuant to 28 U.S.C. § 2254.[1]  He contends that the prosecution withheld material evidence that would prove his

---

[1] *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 875 n.9 (1st Cir. 2010) ("[P]risoners in state custody are required to comply with all the requirements laid out in § 2254 whenever they wish to challenge their custodial status, no matter what statutory label the prisoner uses."); *see also Brennan v. Wall*, 100 F. App'x 4, 4 (1st Cir.

innocence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Respondent has moved to dismiss the petition, contending that the single claim raised in the petition was not exhausted in the state courts.  For the reasons set forth below, the motion to dismiss will be granted.

## I.    Background

### A.    Factual Background

The Massachusetts Supreme Judicial Court ("SJC") summarized the facts of the case as follows:

> On the evening of January 26, 2004, the defendant, with whom the victim was acquainted, knocked at the victim's door, seeking to speak with her.  After initially turning the defendant away, the victim allowed the defendant to enter her home, and the two spoke for a short period of time.  When the victim attempted to make a telephone call, the defendant grabbed the victim, punched her in the face, and threw the telephone to the floor.  After beating the victim, the defendant pulled a knife out of his pocket and stated, "You can make this hard or you can make this easy."
>
> The defendant tore off some of the victim's clothing and digitally raped her. When the defendant paused to pull his shirt off, the victim fled.  Naked from the waist down, the victim ran to a neighbor's house; the neighbor called the police, who arrived at the scene within minutes.

*Commonwealth v. Putnam*, 481 Mass. 1045, 1045 (2019).

### B.    State Court Proceedings

On March 1, 2006, a Superior Court jury found Putnam guilty of home invasion, armed assault in a dwelling, rape, and assault and battery.  (Appx. 2-3).[2]  He thereafter appealed his convictions for home invasion and armed assault in a dwelling on the grounds that (1) "the evidence was insufficient to prove that he entered the alleged victim's home unlawfully," (2) "the instruction on consent to enter was erroneous," and (3) "his conviction of armed assault in a

---

2004) ("[A] state prisoner in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but he is limited by § 2254.").

[2] Any citations to the appendix are to Attachment #1 in Docket 14 in CM/ECF.

dwelling . . . was duplicative of the home invasion conviction." (Appx. 20). On October 19, 2009, the Massachusetts Appeals Court ("MAC") affirmed the convictions. *See Commonwealth v. Putnam*, 75 Mass. App. Ct. 472, 473 (2009). On October 28, 2009, Putnam filed an ALOFAR that the SJC denied on December 3, 2009. (Appx. 26).

On September 14, 2011, Putnam filed a *pro se* motion for a new trial. (Appx. 29). In substance, he contended that "the prosecutor engaged in a 'pattern of gender discrimination in the selection of the jury'; that the trial judge allowed in evidence improper first complaint testimony; that the trial judge improperly allowed the jury to review a portion of the trial testimony; and that his trial and appellate counsel were ineffective." (*Id.*). That motion was denied by a motion judge who was not the trial judge, and Putnam thereafter appealed to the MAC. (*Id.*). On February 26, 2013, the MAC affirmed the motion judge's order. *See Commonwealth v. Putnam*, 83 Mass. App. Ct. 1115, at *1 (2013). On April 8, 2013, Putnam filed an ALOFAR that the SJC denied on May 3, 2013. (Appx. 31).

On February 7, 2014, Putnam filed a *pro se* motion, pursuant to Mass. Gen. Laws ch. 278A, for post-conviction access to forensic and scientific analysis. (Appx. 8). On April 24, 2014, that motion was denied without a hearing for failure to meet the requirements of the statute. (*Id.*).

On February 28, 2014, Putnam filed his second *pro se* motion for a new trial. (*Id.*). In that motion, "[h]e argued for the first time that his rape conviction must be reversed because the evidence was insufficient to prove the element of penetration." (Appx. 34). On April 24, 2014, a Superior Court judge found that there was no injustice and denied the motion. (Appx. 8). Putnam appealed the order denying the motion for a new trial, and on March 19, 2015, the MAC

affirmed.  *See Commonwealth v. Putnam*, 87 Mass. App. Ct. 1111, at *1 (2015).[3]  He then filed

an ALOFAR that the SJC denied on March 31, 2016.  (Appx. 36).[4]

On July 25, 2016, Putnam filed a *pro se* motion, pursuant to Mass. Gen. Laws ch. 278A,

for post-conviction access to forensic and scientific analysis of certain evidence and biological

material.  (Appx. 9).  On May 29, 2018, following a hearing, a Superior Court judge denied the

motion for failure to meet the requirements of Mass. Gen. Laws ch. 278A, § 3(b)(4).  (Appx. 12).

Specifically, the court held that Putnam did not meet his burden to show whether any test results

could be material to the question of the perpetrator's identity, where the defense he raised was

not identity, but whether a crime occurred.  (*Id.*).  Putnam thereafter appealed to the MAC.

(Appx. 13).  On September 17, 2018, the case was transferred to the SJC after it granted an

application for direct appellate review.  (*Id.*).

On April 9, 2019, the SJC reversed the order denying Putnam's chapter 278A motion and

remanded the case to the Superior Court.  *See Putnam*, 481 Mass. at 1047.  The court held that

the provisions of Mass. Gen. Laws ch. 278A, § 3(b)(4) apply to movants who claim that no

crime has occurred, and that Putnam's motion therefore satisfied the threshold burden of that

provision.  *Id.* at 1046.  The court noted that at the hearing stage, he would still have to prove by

a preponderance of the evidence that the forensic analysis he sought would have the potential to

result in evidence material to proving that no crime occurred.  *Id.* at 1047.

On April 26, 2021, Putnam filed a motion to compel the Commonwealth to conduct

---

[3] On appeal, Putnam also alleged "that the prosecution improperly coached the victim's testimony at trial." (Appx. 34).

[4] It appears that Putnam's application was dated March 26, 2015, but was not received by the clerk's office until February 26, 2016.  (Appx. 36).  On October 2, 2015, while that ALOFAR was pending, Putnam filed a third motion for a new trial.  (*See* Appx. 9).  That motion was denied, then appealed to the MAC and vacated, and ultimately denied again on June 13, 2017.  (*See* Appx. 9, 11).

forensic testing.  (Appx. 14).  On May 26, 2021, the Commonwealth filed a motion—which was granted—seeking leave to postpone its filing of a response to Putnam's motion until the Committee for Public Counsel Services ("CPCS") had appointed counsel to represent him in the continued proceeding under Mass. Gen. Laws ch. 278A.  (*See* Appx. 15).[5]  The proceeding under Mass. Gen. Laws ch. 278A and the motion to compel the Commonwealth to conduct forensic testing remain pending.

On October 18, 2021, Putnam, acting *pro se*, filed a petition for a writ of habeas corpus pursuant to Mass. Gen. Laws ch. 248, §§ 1, 25 in the SJC.  (Appx. 149).  In that petition, he asserted a claim of prosecutorial misconduct arising from the prosecution's alleged (1) refusal to produce a sweater that the victim was wearing at the time of the crime for post-conviction testing, and (2) failure to turn over any state laboratory reports concerning any pre-trial forensic testing of the sweater that may have occurred.  (*See* Appx. 41-56).  Pursuant to the provisions of Mass. Gen. Laws ch. 211, § 4A, a single justice of the SJC transferred the petition to the Worcester County Superior Court for entry and disposition.  (Appx. 149-50).

On February 2, 2022, the Superior Court dismissed the petition, finding that Putnam had not raised an issue of state habeas corpus but instead had raised issues that should have been properly pursued or raised in the underlying criminal case.  (Appx. 152).  On February 28, 2022, Putnam filed a notice of appeal of the Superior Court's order dismissing the habeas corpus petition.  (*Id.*).  That same day, he filed a motion to stay the appeal.  (*Id.*).  On April 30, 2022, the MAC sent notice to the Superior Court of Putnam's failure to timely enter his appeal.  (Appx. 153, 197).  On May 24, 2022, the Superior Court denied Putnam's motion to stay the appeal.

---

[5] On at least two occasions in 2021 before the Commonwealth filed its May 26, 2021 motion, the Superior Court directed CPCS to screen Putnam's case for the appointment of an attorney to represent him.  (Appx. 14).

(Appx. 153).

### C.    The Federal Petition for Habeas Corpus

Petitioner filed the present petition on January 13, 2022, while his state habeas corpus petition was pending.  He contends that "due to the Prosecutor's misconduct by withholding material evidence to prove the petitioner's innocence by clear and convincing evidence, the remedy only is for the release of the petitioner from any further confinement."  (Petition at 1).

On July 5, 2022, respondent moved to dismiss the petition on the grounds that petitioner had not exhausted his state-law remedies as to the single claim raised in the petition.

## II.    Legal Standard

Before the court can evaluate the likelihood of success on the merits of a constitutional claim, it must evaluate whether the claim was fairly presented to, and exhausted in, the state courts.  28 U.S.C. § 2254(b)(1)(A).  "This exhaustion requirement, which codified preexisting law, is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).

"In order for the exhaustion requirement to be met, the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal review."  *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) (quoting *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987)).  That is, "the legal theory articulated in the state and federal courts must be the same."  *Sanchez v. Roden*, 753 F.3d 279, 294 (1st Cir. 2014) (alteration and quotation marks omitted) (quoting *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007)). "The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different

6

light." *Domaingue v. Butterworth*, 641 F.2d 8, 12 (1st Cir. 1981).

The exhaustion requirement is not satisfied if a petitioner raises an issue before an intermediate court, but then fails to, or does not attempt to, redress his claim to "the state's highest tribunal." *See Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 820 (1st Cir. 1988).  Thus, in cases arising from Massachusetts courts, the petitioner's ALOFAR is "the decisive pleading." *See Durand v. Goguen*, 388 F. Supp. 3d 54, 59 (D. Mass. 2019) (quoting *Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir. 1997)).  Accordingly, "exhaustion requires that the issue must be raised 'within the four corners of the ALOFAR.'"  *Id.* (quoting *Mele*, 850 F.2d at 823).

## III.   Analysis

The petition seeks relief based on a single unexhausted claim:  "due to the Prosecutor's misconduct by withholding material evidence to prove the petitioner's innocence by clear and convincing evidence, the remedy only is for the release of the petitioner from any further confinement."  (Petition at 1).

On October 18, 2021, petitioner raised his prosecutorial-misconduct claim in the state courts by filing a state habeas corpus petition pursuant to Mass. Gen. Laws ch. 248, §§ 1, 25. (Appx. 41-56, 149).[6]  However, that petition was still pending in the Worcester County Superior Court when he filed his federal habeas corpus petition on January 13, 2022.  (*See* Appx. 151-52). Thus, at the time petitioner sought federal relief, state remedies were still available to him, and the SJC had not yet had an opportunity to adjudicate his claim.

Furthermore, although the Superior Court denied petitioner's state habeas corpus petition on February 2, 2022, "[i]t is the availability of state remedies at the time the application is filed

---

[6] As noted, petitioner filed his state habeas corpus petition in the SJC.  (Appx. 149).  Pursuant to the provisions of Mass. Gen. Laws ch. 211, § 4A, a single justice of the SJC thereafter transferred the petition to the Worcester County Superior Court for entry and disposition.  (Appx. 149-50).

. . . that is determinative of the question of exhaustion.  Any other rule would only encourage prisoners to bring federal writs prematurely, counting on opportunity to amend later."  *Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (citation omitted).

In sum, petitioner has not exhausted his prosecutorial-misconduct claim.  Accordingly, the Court need not decide whether a state habeas corpus petition was the proper vehicle for petitioner to seek post-conviction relief.  (*See* Mem. Supp. Mot. to Dismiss at 12 ("An individual, like the petitioner, who is incarcerated pursuant to a criminal conviction and alleges an entitlement to relief based on a constitutional violation occurring in his criminal proceeding, must raise his claim in the state courts through the filing of a motion pursuant to Mass. R. Crim. P. 30 in his underlying criminal case.")).

Because the petition raises only an unexhausted claim, and because petitioner has neither requested a stay nor demonstrated good cause for his failure to exhaust his state remedies, the Court will dismiss the petition.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

## IV.    <u>Conclusion</u>

For the foregoing reasons, respondent's motion to dismiss the petition for failure to exhaust state-court remedies is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  March 10, 2023                  Chief Judge, United States District Court